UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

DESMOND CAMP,

       Defendant.
_____/

Case No. 15-20744
Hon. Mark A. Goldsmith

**OPINION**
**SETTING FORTH THE REASONS FOR DENYING DEFENDANT DESMOND CAMP'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 78)**

The Court denied Defendant Desmond Camp's motion for compassionate release on October 26, 2020 (Dkt. 87). The Court is entering this Opinion to set forth its findings and analysis in support of that order.

Camp pleaded guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), use of a firearm during and in relation to a crim of violence, in violation of 18 U.S.C. § 924(c)(1)(C)(i), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See Judgement (Dkt. 40). The Court sentenced him to 31 years' imprisonment on July 14, 2017. Id. On appeal, the Sixth Circuit affirmed Camp's conviction, but vacated his sentence and remanded this matter for re-sentencing. The re-sentencing has been delayed due to complications caused by COVID-19. Camp's re-sentencing would not alter the compassionate release analysis. Camp sought compassionate release under the First Step Act, because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Camp's motion.

I. **LEGAL STANDARD**

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003-1004 (6th Cir. 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D). "Beyond the extraordinary-and-compelling-reasons requirement, this policy statement also requires a district court to find that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" Ruffin, 2020 WL 6268582, at *4 (quoting U.S.S.G. 1B1.13(2)-(3)).

After the Court issued its order denying Camp's motion, the Sixth Circuit held that with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in § 1B1.13. United States v. Jones, 980

F.3d 1098, 1109 (6th Cir. 2020). The Sixth Circuit held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id. However, Jones would not have altered the Court's decision.

## II.  ANALYSIS

Camp, age 49, is currently serving his custodial sentence at Milan FCI for an armed robbery of a Family Dollar Store. At the time the Court denied his motion for compassionate release, he had served almost five years of his thirty-one-year sentence.

Camp sought release based on his Body Mass Index ("BMI"), which fluctuates between 28 and 31. See Camp's 2020 Medical Records, Ex. 3 to Gov't Resp. (Dkt. 83-2). In his reply brief, Camp also claimed to have other conditions that made him more vulnerable to severe symptoms from COVID-19, Reply at 4, but those conditions are either not recognized as increasing vulnerability to COVID-19 (pre-diabetes), or not reflected in his medical records (chronic dyspnea). Camp's 2020 Medical Records; see also Camp's 2019 Medical Records, Ex. 4 to Gov't Resp. (Dkt. 83-3).

As the Government notes, a BMI over 30 puts an individual at an increased risk of suffering the more severe symptoms from COVID-19.[1] However, it observed that Camp's BMI tended to fluctuate above and below the 30 BMI threshold. Nonetheless, the Government concedes that Camp's BMI "may satisfy" the standard. Resp. at 15. Because the Government appeared to

---

[1] Certain Medical Conditions and Risk for Severe COVID-19 Illness (CDC): https://perma.cc/HT7Y-KAC8.

concede that Camp's BMI constituted an extraordinary and compelling reason to reduce his sentence, the Court was satisfied that Camp satisfied the first inquiry.

However, the § 3553(a) factors did not favor Camp's release. Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses and the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. Camp has a history of armed robberies, see Presentence Investigative Report, Ex. 2 to Gov't Resp., at 10-11 (Dkt. 83-1), a history of disciplinary offenses while serving a prior custodial sentence, including staff assaults, making and selling alcohol, failing to obey orders, and other violations, see Camp Discipline Data, Ex. 4 to Gov't Resp. (Dkt. 83-4). Camp's crimes were serious, for which he received a thirty-one-year custodial sentence. Releasing Camp after serving only five years of his sentence would not promote respect for the law nor would it protect the public from further crimes by Camp.

Because the § 3553(a) factors did not favor Camp's release, his motion was denied.

### III.  CONCLUSION

For the reasons stated above, the Court denied Camp's motion for compassionate release (Dkt. 78).

Dated:  December 30, 2020                    s/Mark A. Goldsmith
        Detroit, Michigan                    MARK A. GOLDSMITH
                                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2020.

                                             s/Karri Sandusky
                                             Case Manager