UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 15-cr-20744

                                          HON. MARK A. GOLDSMITH

DESMOND CAMP,

    Defendant.
_____/

**OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 114) AND (2) DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL**

Before this Court is Defendant Desmond Camp's motion to vacate his sentence under 28 U.S.C. § 2255. For the reasons that follow, the Court (i) denies Camp's motion to vacate his sentence (Dkt. 114) and (ii) denies Camp's request for appointment of counsel.[1]

### I.    BACKGROUND

On November 15, 2015, Camp carried out an armed robbery at a Family Dollar store. Gov't Resp. at PageID.923 (Dkt. 119). When he was apprehended, police officers recovered money stolen from the store and a loaded .380 Bersa handgun. Id. Camp was indicted by a grand jury for (i) Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); (ii) brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and (iii) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Indictment (Dkt. 9). Camp

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes the Government's response (Dkt. 119).

entered a guilty plea on all three counts. See Rule 11 Plea Agreement (Dkt. 28). The district court sentenced Camp to 72 months for the Hobbs Act robbery and felon-in-possession convictions and a consecutive 300 months for the § 924(c) conviction. See Judgment (Dkt. 40).

Camp appealed. See Notice of Appeal (Dkt. 41). The Sixth Circuit affirmed Camp's convictions but remanded for sentencing, concluding that the district court had improperly deemed Camp to be a career offender in scoring his base offense level under the Sentencing Guidelines. United States v. Camp, 903 F.3d 594, 604 (6th Cir. 2018). On remand, the district court determined Camp's total offense level for the Hobbs Act robbery and felon-in-possession conviction to be 23 under U.S. Sentencing Guidelines § 2K2.1(a)(2) and sentenced him to concurrent 57-month terms. See Judgment (Dkt. 106); United States v. Camp, No. 15-cr-20744, 2021 WL 5066036, at *1 (E.D. Mich. Oct. 12, 2021). The district court also confirmed that Camp was subject to a mandatory consecutive term of 300 years for his § 924(c) conviction, in light of his prior convictions for armed robbery and bank robbery. United States v. Camp, No. 15-cr-20744, 2021 WL 4621848, at *10–*12 (E.D. Mich. Oct. 7, 2021).

Camp appealed to the Sixth Circuit again and raised several arguments that are relevant here, including that (i) his prior convictions for armed robbery and bank robbery are not crimes of violence under the U.S. Sentencing Guidelines and the district court therefore erred in determining his offense level under § 2K2.1(a)(2); and (ii) his Hobbs Act robbery offense is not a crime of violence for the purposes of § 924(c). See 08/25/22 Order from U.S. Court of Appeals (Dkt. 112). The Sixth Circuit summarily rejected both arguments. Id. The court concluded that "[t]he district court properly determined . . . Camp's base offense level" and that both Camp's prior armed robbery conviction and federal bank robbery conviction qualified as a crime of violence under the guidelines. Id. Further, the court noted that "a conviction for Hobbs Act robbery qualifies as a

2

crime of violence under § 924(c)." Id. (citing United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017)).

Camp now files a § 2255 motion to vacate his sentence and requests that this Court appoint him counsel to represent him in this action, pursuant to 18 U.S.C. § 3006A. See Mot. to Vacate at 6. For the reasons that follow, this Court denies Camp's § 2255 motion and request for counsel.

## II.    ANALYSIS

### A. Camp's § 2255 Motion

Under 28 U.S.C. § 2255, a federal prisoner can file a motion to vacate their conviction and sentence if there was: "(1) an error of constitutional magnitude; (2) a sentence is imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). However, if a claim has already been raised and addressed on direct appeal, a defendant is barred from "relitigat[ing]" the issue again in a § 2255 motion absent "exceptional circumstances, such as an intervening change in the law." DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996); Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999) (citing Oliver v. United States, 90 F.3d 177, 180 (6th Cir. 1996)).

Here, Camp alleges that (i) the district court erred in calculating his total offense level under USSG § 2K2.1(a)(2) because his two prior convictions are not crimes of violence under the guidelines; and (ii) Hobbs Act robbery is not a crime of violence meriting a § 924(c) enhancement. Mot. to Vacate at 6. However, as discussed below, both these claims have already been raised and litigated on direct appeal at the Sixth Circuit, and Camp does not present any new argument based on intervening changes in the law.

First, Camp argues that his 1990 conviction for armed robbery does not fit the "crime of violence" or "violent felony" standards in the guidelines and that the district court therefore erred in increasing his total offense level by two points. Mot. to Vacate at 11–12. Camp alleges that because Michigan's armed robbery statute requires no more than "simple assault," it does not "entail th[e] kind of force . . . [to] match the federal standard." Id. at 12. The same argument was already raised at the Sixth Circuit, see 08/25/22 Order from U.S. Court of Appeals ("Camp specifically contends that, because Michigan's armed robbery statute requires no more force than that of simple assault it does not require the violent force necessary to qualify as a crime of violence."), and rejected by the court, see id. ("Camp's 1990 armed robbery conviction in Michigan qualifies as a crime of violence under the guidelines.").

Second, Camp again argues that Hobbs Act robbery is not a "proper predicate for a 924(c) enhancement." Mot. to Vacate at 6. Specifically, Camp alleges that § 924(c) requires a "categorical approach," whereby an offense only qualifies as a crime of violence if all the conduct covered by the offense would qualify as a "crime of violence." Id. at 7. The "least culpable act[]" for a Hobbs Act robbery is "the threat to someone else's property in the future," which "clearly lack[s] the 'physical force' or 'violence force'" required to be a crime of violence, Camp argues. Id. at 10 (emphasis in original). Yet this same argument was already raised by Camp on direct appeal to the Sixth Circuit. See Brief of Defendant-Appellant, United States v. Camp, No. 17-1879, 2017 WL 5152215, at *14–*15 (E.D. Mich. Nov. 3, 2017) (arguing that "Hobbs Act robbery categorically fails to qualify as a crime of violence" because the offense includes conduct such as "threats of injury to property in the future" where "[i]t is not possible to use violent physical force"). And the Sixth Circuit conclusively rejected Camp's argument. See 08/25/22 Order from

4

U.S. Court of Appeals ("No error occurred because a conviction for Hobbs Act robbery qualifies as a crime of violence under § 924(c).").

Because Camp has already presented identical arguments on appeal and because Camp does not clearly point to any changes in changes in intervening law that should compel this Court to reach a different conclusion, his § 2255 motion is denied.

### B. Camp's Request for Counsel

Camp also requests a court-appointed counsel to assist him with the § 2255 motion. A defendant is not automatically entitled to an appointed counsel in a § 2255 motion; the decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. See Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). "[G]enerally, a motion to vacate a sentence under § 2255 does not warrant appointed counsel because it does not involve complex facts or legal doctrines that would prevent defendants from effectively bringing the motion on their own behalf." United States v. Baker, 652 F. Supp. 3d 865, 871 (E.D. Mich. 2023). In considering whether appointment of counsel is warranted, courts examine the legal and factual complexity of the case and the petitioner's ability to represent himself. Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993).

Here, the Court concludes that appointment of counsel is unnecessary. There are no material factual disputes that would require an evidentiary hearing requiring counsel—all of Camp's claims involve issues of law and not fact. See United States v. Lard, No. 14-20193, 2018 WL 3980881, at *2 (E.D. Mich. Aug. 21, 2018) (denying a request for counsel in a § 2255 motion in the absence of a need for an evidentiary hearing). And the claims raised by Camp have not only been extensively litigated and rejected on their merits but are also procedurally barred in a § 2255

motion; any additional input from counsel would, therefore, be of minimal assistance and would not further the interests of justice. See United States v. Conner, No. 15-CR-20710, 2019 WL 3958405, at * (E.D. Mich. Aug. 22, 2019) ("Because there is no merit to Petitioner's § 2255 petition, his request for appointment of counsel shall be denied."); Holland v. United States, No. 2:10-CV-221, 2019 WL 3518786, at *8 (E.D. Tenn. Aug. 1, 2019) (noting that "[b]ecause Petitioner's § 2255 motion . . . does not entitle him to collateral relief, and will be denied, his motion for appointment of counsel . . . will be denied"). Accordingly, Camp's request for counsel is denied.

### III.  CONCLUSION

For the foregoing reasons, the Court (i) denies Camp's motion to vacate his sentence (Dkt. 114) and (ii) denies Camp's request for counsel.

SO ORDERED.

Dated: November 5, 2024  
  Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge